**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LUCINIO RAMIREZ BOLIVAR,

Petitioner,

v. Case No. 3:26-cv-2149-WWB-LLL

WARDEN, NORTH FLORIDA
DETENTION CENTER, et al.,

Respondents.

---

**ORDER**

Petitioner is proceeding on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seemingly alleging that he has a final order of removal and Federal Respondents illegally revoked his order of supervision ("**OSUP**"), in violation of 8 C.F.R. 241.13. (*See generally* Doc. 1). He contends he has been re-detained under 8 U.S.C. § 1231 and asks that the Court find his revoked OSUP unlawful and order an individualized hearing. (*Id.* at 17).

Federal Respondents filed a Response (Doc. 6) asserting that the Eleventh Circuit Court of Appeals' decision in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), controls the issues in this case. According to Federal Respondents, under that binding authority, Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to an individualized bond re-determination hearing. (*Id.* at 1). The Court agrees.

Here, a review of the Department of Justice, Executive Office for Immigration Review's website shows that Petitioner does not have a final order of removal. *See* EOIR, Automated Case Information, available at www.acis.eoir.justice.gov (last visited Sept. 16,

2026). Consequently, contrary to his belief, Petitioner is not detained under § 1231. To that end, Petitioner could not have been under an OSUP when he was re-detained as aliens are only released on an OSUP under § 241.4 if they are under a final order of removal. *See* 8 C.F.R. § 241.13(a)(b) ("This section establishes special review procedures for those aliens who are subject to a final order of removal . . . . The Service may release an alien under an order of supervision under § 241.4 if it determines that the alien would not pose a danger to the public or a risk of flight, without regard to the likelihood of the alien's removal in the reasonably foreseeable future."). As such, any claim that Federal Respondents illegally revoked Petitioner's OSUP is insufficient.

Nevertheless, the Court liberally construes Petitioner's pro se pleading as raising a claim that his mandatory detention without an individualized bond hearing violates the Immigration and Nationality Act. And because Petitioner is detained under § 1226(a) and considering Federal Respondents' concession that Petitioner is entitled to a bond hearing, the Court grants that claim.[1]

---

[1] The Court notes it has previously found that aliens, like Petitioner, who have resided in the United States without lawful admission are subject to mandatory detention under § 1225(b)(2)(A). *See Arellano v. Warden, Baker Corr. Inst.*, No. 3:25-cv-1333-WWB-PDB, 2026 WL 1090987, at *2 (M.D. Fla. Apr. 22, 2026) (adopting the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous; thus an "alien present in the United States who has not been admitted" "shall be detained") and *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention)). While the Court disagrees with the majority's opinion in *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026), finding Judge Lagoa's well-reasoned dissent to be an accurate interpretation of the law, it recognizes the precedential authority of *Hernandez Alvarez* and acknowledges that it is now the law of this circuit. *See Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) (noting that a published opinion "is the law in this circuit unless and until it is reversed, overruled, vacated, or otherwise modified by the Supreme Court of the United States or by [the Eleventh Circuit] sitting en banc," and that

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) is **GRANTED** to the extent that Petitioner is entitled to a bond hearing before an immigration judge in accordance with 8 U.S.C. § 1226(a).[2] Within **seven days** of the date of this Order, Respondents shall either afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release Petitioner. If Respondents release Petitioner, they shall provide Petitioner with access to a telephone to arrange transportation from the detention facility.
2. The Warden's Motion to Dismiss (Doc. 5) is **DENIED**.
3. The Clerk is **DIRECTED** to enter judgment granting the Petition, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** in Jacksonville, Florida, on September 17, 2026.

---

a stay of the mandate "in no way affects the duty of . . . the courts in this circuit to apply now the precedent established by" the published opinion "as binding authority"); 11th Cir. IOP—Cir. R. 36.2 ("Under the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect this result.").

[2] Because the Court grants relief on Petitioner's construed claim under the INA, it need not address Petitioner's other claims for relief. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g.*, *Pena-Gil v. Lyons*, No. 25-CV-03268, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025).

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
c: Lucinio Ramirez Bolivar, A243081801
Counsels of Record